UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-07515 |
| | ) | |
| Detective Stephen Struska, | ) | Judge: Jeffrey I. Cummings |
| Officer Corina Sumner | ) | |
| and Cook County, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**

Plaintiff Jane Doe, by and through her attorney, Christopher Jahnke of Frankfort Law Group, seeks to proceed under a pseudonym due to the highly sensitive and private nature of facts involved in this case and will safeguard Mrs. Doe's privacy as well as her physical and emotional wellbeing without prejudicing the existing parties in this case, and respectfully moves this honorable Court that Plaintiff may proceed pseudonymously. In support thereof, Plaintiff states as follows:

**Relevant Fact and History**

1. On July 3, 2025, Plaintiff filed her Complaint against Defendant police officers and Defendant Cook County, the Complaint includes very personal and private details regarding the death of her husband.

2. Cook County is a Defendant in this matter.

3. Plaintiff was formerly employed by a municipal law enforcement agency and has also held prior employment with Cook County.

4. Plaintiff is presently employed in the capacity of a social worker and, in the course and scope of her professional duties, engages in regular and direct collaboration with a governmental entity within the State of Illinois.

5. Plaintiff has an adult child that is currently employed by a local law enforcement agency.

6. Plaintiff is aware that matters of a similar nature have been the subject of public protests and covered by local media outlets, some featuring public statements by her counsel.

7. One similar matter is being litigated in the Northern District of Illinois in Judge Durkin's courtroom.

**Argument**

"The norm in federal litigation is that all parties' names are public." *See* Doe v. Trs. of Ind. Univ., 101 F.4th 485, 491 (7th Cir. 2024). Departures from that norm are justified in cases involving parties who have reason to fear retaliation by third parties as a result of the litigation. *See* Doe 3 v. Elmbrook School District, 658 F.3d 710, 723 (7th Cir. 2011).

The Seventh Circuit has held that adults may proceed under a pseudonym upon showing that their interests in privacy outweigh both prejudice to the opposing party if anonymity is permitted and "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *See* Doe v. Village of Deerfield, 819 F.3d 372, 377 (7th Cir. 2016); *see* Doe v. S. Madison Cmty. Sch. Corp., 2024 U.S. Dist. LEXIS 185941, *2.

In the instant matter, Plaintiff is aware that media, as well as others, may be monitoring the public docket for filings from her attorney in this and similar matters, whom are looking for updates on this specific type of litigation.

Plaintiff holds great concern that the subject matter of this litigation may attract unwanted public attention to Plaintiff and Plaintiff's family and may subject Plaintiff to potential retaliation from within the law enforcement community.

On the other side, Defendants are not prejudiced by allowing Plaintiff to proceed anonymously. In fact, based on the facts plead in the complaint, it is believed Defendants already know the identity of Plaintiff, or at the very least, have the ability to identify Plaintiff.

While the public has an interest in knowing that injustices, such as the one the Plaintiff suffered, are occurring, the public has no legitimate interest in knowing the true identity of the Plaintiff. In short, the public interest is in the actions or inactions of Defendant, not Plaintiff's name.

Moreover, if Plaintiff is not able to proceed with a pseudonym, the Plaintiff will likely not bring the case at all because she fears her connection to law enforcement and her employment will be harmed. Therefore, disclosure of her name will prejudice Plaintiff.

Therefore, it is respectfully submitted that the Court should enter an Order allowing Plaintiff to proceed under a pseudonym because Plaintiff's privacy interest outweighs any prejudice to the opposing party and the right of the public to know who is using court facilities. *See* <u>Doe v. Village of Deerfield</u>, <u>supra</u>.

WHEREFORE, the Plaintiff Jane Doe respectfully prays that, for the foregoing reasons, this Honorable Court grants her Motion to Proceed Pseudonymously.

Dated: October 6, 2025                  Respectfully submitted,

                                                     By:/s/ Christopher M. Jahnke
                                                     Attorney for Plaintiff

Christopher M. Jahnke (cmj@jtlawllc.com)
FRANKFORT LAW GROUP
10075 W. Lincoln Highway
Frankfort, IL 60423
Phone: (708)349-9333
ARDC: 6294347

4